**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action No: 4:23-cv-11800-MRG

| | |
|---|---|
| H.B. BROOKS INTERNATIONAL, INC. d/b/a NETWATCH NORTH AMERICA | ) |
|     Plaintiff | ) |
| v. | ) |
| ROYAL SUN FARM LLC, | ) |
| ROYALSTON FARM LLC, | ) |
| ROYAL SUN CANNABIS LLC, and | ) |
| DAMON SCHMIDT | ) |
|     Defendants | ) |
| GFA FEDERAL CREDIT UNION | ) |
|     Trustee | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

The Plaintiff, H.B. Brooks International, Inc. d/b/a Netwatch North America ("Netwatch"), pursuant to Fed. R. Civ. P. 65, submits this Memorandum in Support of its Motion for Preliminary Injunction.

**I. FACTS**

On March 28, 2021, Royal Sun entered into a Managed Service Agreement with Netwatch (the "Agreement") whereby Royal Sun agreed to pay for Plaintiff's installation of video surveillance equipment, including security cameras and other equipment (the "equipment") that would be used to monitor Royal Sun's property. Exhibit 1. Royal Sun is in the business of growing marijuana and it uses the equipment to monitor the property where the marijuana is being grown.

Royal Sun defaulted under the terms of the Agreement by failing to make payment when due. See Exhibit 2, Affidavit of Employee of Netwatch. Under section 12.4.2 of the Agreement,

Royal Sun is not permitted to keep the Equipment in the event of its default, and is required to return the equipment to Netwatch. To date, Royal Sun and Mr. Schmidt remain in wrongful possession of the equipment and refuse to return it despite Netwatch's repeated demands. See Exhibit 2.

The Parties entered into an Agreement for Judgment as part of a settlement agreement (the "Settlement Agreement"). Under the terms of the Settlement Agreement, Royal Sun was to make payments towards the Agreement for Judgment beginning with an initial payment of $10,000.00 by November 16, 2023 followed by weekly payments of $3,000.00 until December 21, 2023, followed by $5,000.00 per month until the Agreement for Judgment amount was paid in full. See Exhibit 3 for a copy of the Settlement Agreement. The Agreement for Judgment covered past amounts that Royal Sun owed, and the Settlement Agreement further required Royal Sun to stay current on upcoming payments due under the Agreement for future use of the equipment. Exhibit 3. After being late on the very first payment and after only making payments for approximately 1.5 months, Royal Sun defaulted under the Settlement Agreement by failing to make payment when due. See Exhibit 2, Affidavit of Employee of Netwatch.

As part of the Settlement Agreement, the Parties executed a Joint Motion to Stay, which had the Settlement Agreement as Exhibit A, and which was filed with the Court on January 9. See Doc. No. 20. Paragraph 7 of the Settlement Agreement states that "In the event of a default under this Agreement, the Defendant agrees to promptly return all of Plaintiff's equipment that the Defendant leased under the MSA, and the Defendant agrees not to Oppose any motion filed by Plaintiff seeking return of the equipment." Despite being in default under both the Agreement and Settlement Agreement, Royal Sun ignored Netwatch's multiple requests to return the equipment. See Exhibit 2. Further facts are contained in the discussion section.

## II. DISCUSSION

*A) Standard*: A court may grant a preliminary injunction if the plaintiff shows: (a) a reasonable likelihood of success on the merits of their claim; (b) that the plaintiff will suffer irreparable injury if the injunctive relief is not granted; (c) that the injury the plaintiff will suffer in the absence of an injunction outweighs the injury to the defendant that will result from the injunction; and (d) that the injunction would not harm the public interest. E.g., Hashem v. D'Angelo, Civ. Action No. 16-cv-12383-IT (2018), Corporate Techs., Inc. v. Harnett, 731 F.3d 6, 9 (1st Cir. 2013).

*B) Likelihood of Success on the Merits:* There is no dispute that under the Agreement, Royal Sun leased the Equipment from Netwatch, See Exhibit 1, and that Royal Sun stopped making payments under the Agreement. See Exhibit 2, Affidavit of Employee of Netwatch. There is also no dispute that Royal Sun stopped making payments that were required under the Settlement Agreement. See Exhibit 2. Royal Sun broke promises in both the initial Agreement and the Settlement Agreement to return the Equipment in the event of default, and, as discussed more fully in the Complaint and Emergency Motion for Attachment, Damon Schmidt, the owner of Royal Sun, has broken almost every promise that he has made to Netwatch over the course of the past several years. For these reasons, Netwatch has a likelihood of success on the merits of its breach of contract claim and on a claim for breach of the Settlement Agreement.

*C) Irreparable harm:* Although the general rule is that irreparable injury does not exist in a case purely for money damages, irreparable injury can be shown where there is a strong indication that a Defendant will dissipate or conceal assets which would prevent collection of a judgment. S.E.C. v. Thibeault, 80 F. Supp.3d 288 (2015). As stated in the Complaint and Motion for Attachment and accompanying Exhibits, Royal Sun's accounts at GFA Federal Credit Union

were closed after Royal Sun bounced 40-50 checks drawn on GFA accounts. See Exhibits 3 and 4 to the Complaint. Royal Sun has multiple other cases against it that were recently filed. See Exhibit 4. There is a clear danger that Royal Sun will be insolvent by the time this case is concluded. Further, the equipment is currently depreciating at 20% each year. See Exhibit 2.

*D) Balance of harm*: The injury that Netwatch will suffer in the absence of an injunction outweighs the injury to Royal Sun that will result in the granting of an injunction. If no injunction is granted, Royal Sun may end up collecting nothing or only a small amount of the balance owed under the Agreement for Judgment and for its other claims that it is entitled to pursue under the Settlement Agreement. This loss far outweighs the burden placed on Royal Sun to return the Equipment which it has promised already multiple time to do.

Because the equipment is now, per the terms of the Agreement, turned off due to Royal Sun's default, Exhibit 2, Royal Sun actually suffers no harm in having to return the equipment. The only possible reason why Royal Sun would want to keep the equipment after it's been shut off is to defraud the public and the Cannabis Control Commission into believing that Royal Sun's property is being monitored when it in fact isn't.

*E) Public Interest will note be harmed*: No harm to the public will result from an order requiring Royal Sun to return the equipment. The public will in fact benefit from such an order because currently Royal Sun is making it appear that it has working cameras on its property when it does not.

WHEREFORE, For the above reasons, the Plaintiff requests that the Court Order the Defendant, Royal Sun Farm, LLC to return the Equipment to the Plaintiff within ten days of this Court's Order. A proposed order is attached.

Respectfully Submitted,

/s/ Joseph Perl
Joseph Perl
Attorney for Plaintiff
B.B.O. 680509
203 Arlington St., Suite 2
Watertown, MA 02472
781-704-7047
Dated: March 18, 2024