Exhibit 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Civil Action No: 1:23-cv-11800

| | |
|---|---|
| H.B. BROOKS INTERNATIONAL, INC. d/b/a NETWATCH NORTH AMERICA | ) |
|     Plaintiff | ) |
| v. | ) |
| ROYAL SUN FARM LLC, | ) |
| | ) |
| | ) |
| | ) |
|     Defendant | ) |
| GFA FEDERAL CREDIT UNION | ) |
|     Trustee | ) |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into as of November _9_, 2023, by and between, H.B. Brooks International, Inc. ("Plaintiff"), and Royal Sun Farm LLC ("Royal Sun" or    the "Defendant". The Plaintiff and Defendant are referred to collectively as the "Parties".

## <u>PREAMBLE</u>

WHEREAS, Plaintiff commenced a civil action against Defendant in the United States District Court for the District of Massachusetts, Civil Action No. 1:23-cv-11800 (the "Action"), alleging, among other things, breach of contract;

WHEREAS, the Parties now wish to resolve and finally settle any and all disputes between them which relate to the Action or otherwise relate to any claim that could have been raised in the Action; and

NOW, THEREFORE, in consideration of the mutual promises, releases, and covenants contained herein, the Parties agree as follows:

1

## TERMS AND CONDITIONS

1. <u>Payment for Past Amounts Due</u>

   Defendant shall pay to Plaintiff the sum of **$148,018.14** as follows:

   (a) An initial payment of $10,000.00 shall be paid by Royal Sun by November 16, 2023;

   (b) Six consecutive weekly payments of $3,000.00, payable each week, beginning on or before November 16, 2023, and ending on or before December 21, 2023. Payments shall be made on or before the Thursday of each week.

   (c) Twenty-four consecutive weekly payments of $5,000.00, payable each week, with the first payment being made on or before December 28, 2023, and the last payment being made on or before June 6, 2024.

   (d) A final payment of $18.14 paid on or before June 13, 2024.

   (e) Payments shall be without interest provided that the Defendants are not in default under this Agreement.

   (f) Payments under this Agreement, including under this section and section 2 below, shall be made by either wire or ACH transfer or as otherwise instructed by email by Plaintiff.

   There shall be no prepayment penalty.

2. <u>Payment for Future Use of the Equipment</u>

   In addition to paying for past amounts owed pursuant to section one above, the Defendant, for continued service and rental of equipment under the "Managed Services Agreement and Change Order" (collectively referred to here as "MSA"), shall pay all amounts that become due under the MSA on or before the due of date of each payment. Such payments shall continue through the term of the MSA. The MSA is further referenced in the Complaint filed in the Action and is included as exhibit 1 to the Complaint. The Defendant understands that the Terms and Conditions of the MSA are incorporated into the MSA, and the Defendant has read and understood the terms and conditions.

3. <u>Joint Motion to Stay</u>

   Upon the signing of this Agreement, counsel for the Parties shall sign the accompanying Joint Motion to Stay. Upon receipt of payment by the Plaintiff of the first six payments pursuant to paragraph 1 above, Plaintiff's counsel shall file the Joint Motion to Stay. Upon payment in full pursuant to paragraph one above and provided that Defendant is in compliance with section 2

above, in the event the case is stayed when such payment in full is made, Plaintiff shall file a dismissal of the above action without prejudice. Upon payment in full under paragraph one above and under the MSA, Plaintiff shall dismiss the Action with prejudice.

4.     Stipulation of Dismissal without Prejudice

Upon the signing of this Agreement, counsel for the Parties shall also sign the accompanying Stipulation of Dismissal Without Prejudice ("Stipulation of Dismissal"). Plaintiff's counsel shall hold the Stipulation of Dismissal in escrow, and will only file it in the event that 1) the Court does not allow the Parties Joint Motion to Stay and Defendants are not in default under this Agreement, or 2) the conditions for dismissing the action without prejudice, as described in section 3 above, are met.

5.     Agreement for Judgment and Default

Upon the signing of this Agreement, counsel for the Parties shall sign the accompanying Agreement for Judgment. Counsel for Plaintiff shall hold the Agreement for Judgment in Escrow, and shall only file it with the Court in the event that the Defendant default by failing to make payment when due pursuant to paragraphs one and two above.

In the event of a default by the Defendant under the terms of this Agreement, then Plaintiff shall a) be entitled to interest on the balance, to be applied retroactively from the date that such amounts were initially due under the MSA, pursuant to section 4.7 of the Terms and Conditions of the MSA b) have the right to continue pursuing all claims that Netwatch has or could have pursued in the Action, and the Defendants shall have the right to defend against such claims, and c) pursue all other claims which Netwatch has under this Agreement or the MSA, and the Defendants shall have the right to defend against such claims. The statute of limitations on all such claims shall be tolled from the date of the filing of the Complaint in the Action until a Default occurs, if any. .

"Default" as used herein shall mean the Defendant's noncompliance with any term of this Agreement or the MSA. Netwatch shall have the right, in the event of a default, to exercise all rights that Netwatch has under this Agreement.

6.     Agreed Motion to Vacate Dismissal and Agreed Motion to Vacate Stay

Upon the execution of this Agreement, counsel for the Parties shall execute the accompanying Agreed Motion to Vacate Dismissal ("Motion to Vacate Dismissal") and Agreed Motion to Vacate Stay ("Motion to Vacate Stay"). Counsel for Plaintiff will hold the Motion to Vacate Dismissal and Motion to Vacate Stay in escrow, and shall file one of them (which one

3

shall depend on whether or not the case is stayed or dismissed without prejudice at the time) with the Court in the event that Defendants default on this Agreement.

7.      Emergency Motion for Attachment

After the first payment is made under this Agreement, Counsel for Plaintiff shall withdraw the Motion to Return Equipment, and shall not refile it unless the Defendants are in default under this Agreement.

7.      <u>Return of Equipment</u>

In the event of a default under this Agreement, the Defendant agrees to promptly return all of Plaintiff's equipment that the Defendant leased under the MSA, and the Defendant agrees not to Oppose any motion filed by Plaintiff seeking return of the equipment.

8.      <u>Release of Defendants</u>

Upon payment in full by Defendant under this Agreement and upon compliance with all other terms of this Agreement, Plaintiff, together with Plaintiff's officers, agents, representatives, predecessors, successors, affiliates, agents and assigns (collectively, the "Plaintiff Releasors") hereby release and forever discharge Defendant and their predecessors, successors, agents, employees, attorneys and assigns (collectively, the "Defendants Releasees"), from and against any and all actions, causes of action, claims, suits, debts, damages, liabilities, judgments and demands whatsoever, whether matured or not, whether in law or in equity, and whether known or unknown, that the Plaintiff Releasors have now or may have had, at any time from the beginning of the world to the present, against the Defendants Releasees, or any of them, including specifically, but without limitation, any claim concerning, arising out of, or relating in any way to the Action.  Nothing herein shall restrict the rights of Plaintiff to enforce the terms of this Agreement.

9.      <u>Release of Plaintiff.</u>

Upon full compliance by Plaintiff with all terms of this Agreement, Defendants, together with their officers, agents, representatives, predecessors, successors, affiliates, agents and assigns (collectively, the "Defendants Releasors") hereby release and forever discharge Plaintiff and each of Plaintiff's affiliates, predecessors, successors, agents, employees, attorneys and assigns (collectively, the "Plaintiff Releasees"), from and against any and all actions, causes of action, claims, suits, debts, damages, liabilities, judgments and demands whatsoever, whether matured or not, whether in law or in equity, and whether known or unknown, that the Defendants

Releasors have now or may have had, at any time from the beginning of the world to the present, against the Plaintiff Releasees, or any of them, including specifically, but without limitation, any claim concerning, arising out of, or relating in any way to the Action.   Nothing herein shall restrict the rights of Defendants to enforce the terms of this Agreement.

10.   Entire Agreement.

This Agreement contains the entire agreement between the Parties with regard to the subject matter hereof.   No change, modification, waiver or amendment of this Agreement shall be effective unless it is in writing signed by all Parties.

11.   Governing Law.

The Parties agree that this Agreement shall be governed by the law of the Commonwealth of Massachusetts, and each hereby submits to the exclusive jurisdiction of any state of federal court of competent jurisdiction located within the Commonwealth of Massachusetts, in any action hereunder.

12.   Counterparts.

This Agreement may be executed in two or more counterparts (including by email or fax), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties hereby execute this Settlement Agreement and Mutual Release as a sealed instrument.

Royal Sun Farm LLC

Signature: _____

Date: _____ 11 / 9 / 23 _____

Signature: _____
Title: _____
Date: _____

H.B. Brooks International, Inc. d/b/a Netwatch North America

Signature: _____ robert johnson _____

Title: Chief of Staff   November 14, 2023

Date: _____